UNITED STATES, Appellee

v

NORMAN R. FRY, First Lieutenant, U. S. Army, Appellant

7 USCMA 682, 23 CMR 146

683

*Captain John F. Christensen* argued the cause for Appellant, Accused.

*First Lieutenant William K. Davenport* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *Major Robert M. Mummey.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This appeal brings up for review the propriety of certain pretrial actions by the law officer. These actions came to light at the trial when the defense challenged the law officer for cause.

It appears from the hearing on the challenge that the law officer traveled on "circuit." After a case was referred for trial by the convening authority to one of the law officer's courts, he would prepare himself for the discharge of his responsibilities. He would read the investigating officer's report, attempt to obtain "a copy of the expected testimony," engage in such legal research as seemed necessary, and then draft tentative instructions. His interest in each case was entirely "academic," and he never formed an opinion as to the accused's guilt or innocence. In this case, he had not formed any such opinion, and he knew of no "personal grounds" for disqualification.

Defense counsel's challenge was not sustained. The accused contends that the failure to sustain the challenge is prejudicial error. He maintains that knowledge of the evidence obtained by a law officer before the trial can improperly influence him in the rulings he may be called upon to make. He contends that, as a result, he was denied the right to a fair trial based solely upon the evidence presented in open court.

In civilian jurisdictions a sharp distinction is drawn between a judge's personal bias or interest in a case and his previous judicial connection with it as a ground for challenge.

For example, a judge is not disqualified from presiding at the rehearing of a case because he sat at the first trial, Craven v United States, 22 F2d 605 (CA 1st Cir) (1927), cert den 276 US 627, 48 S Ct 321, 72 L ed 739. Nor is a judge ineligible to sit because he is familiar with the evidence adduced in the preliminary hearing. People v Chesbro, 300 Mich 720, 2 NW2d 895. The same differentiation, however, cannot be carried over into the military. The Uniform Code and the Manual for Courts-Martial, United States, 1951, provide for grounds of disqualification which are not limited to personal bias or personal interest. Thus Article 26 (a) of the Uniform Code, 10 USC § 826, declares a person to be ineligible to act as law officer if he "has acted as investigating officer." Cf. State v Lockridge, 6 Okla Crim 216, 118 Pac 152. And the Manual makes the law officer subject to challenge if he sat in a previous trial of the case. Paragraph 62*f*(13) ; see United States v Grosel, 17 CMR 394.

Looking at all the grounds for disqualification, it is clear that the law officer is permitted a much narrower association with a case before the trial than is allowed the judge in a civilian court. Does this difference also mean that the law officer must be kept in total isolation until the case is called for trial? Suppose some casual comment about the case comes to his ears? Is he then automatically disqualified? We doubt that anyone would seriously contend that he is. As a matter of fact, we have already held that absolute ignorance of the prospective evidence is not even required of a court member, who actually determines the guilt or

innocence of the accused. United States v Edwards, 4 USCMA 299, 15 CMR 299. No such ground of disqualification of the law officer is expressly provided by the Uniform Code or the Manual. The touchstone for ineligibility, therefore, is not mere knowledge of the evidence, but the effect that it has. If it produces a conviction of guilt, challenge for cause clearly exists. Manual for Courts-Martial, United States, 1951, paragraph 62f(10). United States v Dean, 5 USCMA 44, 17 CMR 44.

When can it be said that previous knowledge produces a conviction of guilt? Plainly, no hard and fast rule can be delineated. Each case depends upon its own facts. Knowledge of some evidence may be entirely innocuous. Other information can result in condemning the accused in advance. Not infrequently the person challenged because of his prior information about the case is convinced of his own impartiality, but an objective consideration of the effect of his knowledge leads to the conclusion that he cannot act with the impartiality that the law demands. United States v Dean, supra, pages 50–51.

Human experience suggests that a thorough knowledge of the "expected testimony" of the witnesses ▮ would result in at least the *formation* of a definite opinion of guilt. True, the law officer can eventually entertain a personal opinion of guilt, but that opinion must be based upon the evidence adduced at the trial. If he has a positive opinion of guilt at the beginning of the trial, he is subject to challenge. Manual for Courts-Martial, United States, 1951, paragraph 62f(10). See United States v Berry, 6 USCMA 638, 20 CMR 354; Miller v United States, 173 F2d 922 (CA 6th Cir) (1949). The difference in the time of opinion is ▮ important in several respects. Only one need be mentioned. Thus, the law officer can question the witnesses. However, he cannot propound questions for the purpose of perfecting the case against the accused but only to elicit testimony "essential to a proper development of the evidence." United States v Berry, supra, page 648. The Manual expresses the rule as follows: "The law officer may properly intervene in a trial . . . to prevent unnecessary waste of time or to clear up some obscurity." Paragraph 39b(2). If the law officer has previously acquired a comprehensive knowledge of the evidence, it can reasonably be argued that the questions he asks are prompted more by the impulse of the advocate than that of the judge. See United States v Neal, CM 393003, November 29, 1956. Consequently, although the Federal courts and some state courts follow a different practice, the Congress and the President have recognized the danger inherent in a too-extensive knowledge of the "expected testimony," and have confined the law officer to more narrow areas.

We have already noted that the Uniform Code makes ineligible for the position of law officer a person ▮ who has served as investi-▮ gating officer. Additionally, the Manual provides that it is ground for challenge if the law officer has acted as such at a previous trial of the case, or has participated in the trial of a "closely related case." Paragraph 62f(13). These disqualifying grounds are separate from, and in addition to, disqualification on the ground that the law officer has "formed or expressed" a positive and definite opinion as to the guilt or innocence of the accused. Ibid. paragraph 62f(10). This pattern of disqualification indicates at least a preference by Congress and the President to exclude from service as a law officer one who, before the trial, has a comprehensive knowledge of the prospective evidence. We conclude, therefore, that a law officer should not attempt to review the "expected testimony" as part of his preparation for the trial. Accordingly, we disapprove of the observation by the board of review in United States v Cavender, 17 CMR 938, 942, petition denied 20 CMR 398, that the practice is "most commendable."

Adequate information as to the probable issues can normally be obtained by reading the charges. See Manual for Courts-Martial, United States, 1951, paragraph 35c. Department of the

Army Pamphlet No. 27–9, The Law Officer, August 1954, chapter 2. Or the law officer can ask counsel to inform him of the issues that may be raised at the trial. See Department of the Army Pamphlet No. 27–10, Department of the Air Force Pamphlet AFP 111–1–1 (joint publication), The Trial Counsel and The Defense Counsel, paragraph 7, page 27.

Relating what we have said to the facts of this case, we hold that, while not specifically prohibited by law, it was not good practice for the law officer to review the investigating officer's report and the testimony of the witnesses. Although not within the scope of the overall pattern of disqualification established by the Uniform Code and the Manual, it is too close to a violation of its spirit to merit approval. Unquestionably, the law officer acted from pure and laudable motives. He specifically testified that, notwithstanding his pretrial review, he did not form any opinion as to the guilt or innocence of the accused. However, in a case of this kind, his conviction is subject to appellate review. United States v Deain, supra. Accordingly, we scrutinized the record of trial for evidence that his previous knowledge had a harmful effect upon a right of the accused. We found none. In the absence of any hint of improper influence, we must conclude that the law officer's pretrial practices did not prejudice the accused and that the challenge for cause was properly denied.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

I prefer not to join my associates in their views that it is not good practice for a law officer to familiarize himself with the issues and the prospective testimony. I take the view that preparation for the trial of a case is commendable. In that connection, several short comments will suffice. If a law officer cannot frame his proposed instructions until the taking of evidence has been completed, then we are certain to be faced with delayed trial proceedings or the commission of many errors which will require close scrutiny and perhaps reversal. Certainly, I am not prepared to criticize initiative which affords counsel for the parties time to study proposed instructions and to prepare others which they believe are necessary to supplement, explain, or amplify the theories involved. Nor am I willing to assert that familiarization is bad because of some remote possibility that it could be used to prejudice an accused. Any law officer with ambition enough to prepare himself ahead of time is not looking for ways to harm an accused, he is searching for a better method of administering the law.