UNITED STATES, Appellee

v

WENDELL B. WASHINGTON, Basic Airman,
U. S. Air Force, Appellant

8 USCMA 588, 25 CMR 92

*Major George M. Wilson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

*Captain John W. Fahrney* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel James R. Thorn.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 USC § 922, and sentenced him to a dishonorable discharge, total forfeitures and confinement at hard labor for one year. On this appeal he contends that he was prejudiced by the statements of a court member during the challenge proceedings.

The circumstances under which the controverted statements were made are as follows:

"TC: If any member of the court is aware of any facts which he believes may be a ground for challenge by either side against him, he should now state such facts.

LT COL MAURICE J. TROJANOWSKI: I would like to present these facts. I was Airman Washington's former squadron commander and I exercised disciplinary punishment . . .

TC: Sir, May I caution you in enumerating any possible grounds for challenge to be careful not to be specific as to what you say as it may prejudice other members of the Court.

LT COL TROJANOWSKI: I have counseled him on many occasions concerning his personal problems. He has worked for me as a prisoner within the last thirty days.

TC: Does your knowledge of the accused in this case prevent you from sitting as an impartial judge as to the findings in the case or as to a sentence?

LT COL TROJANOWSKI: Yes, it might have some bearing.

TC: In that case, I challenge Lt Colonel Trojanowski for cause."

The challenge was sustained and the member withdrew from the courtroom. Thereafter, defense counsel questioned each of the other seven members of the court individually on whether he was influenced "in any way" by the statements of Lt Colonel Trojanowski. Three of the members said that they had not heard all of Colonel's remarks. In substance, however, all the members testified that they were not influenced by the statements, and that they would impartially judge the case upon the evidence. Individual challenges of the members for cause, on the ground that "no member of the court who heard . . . [the statements could] fairly and impartially sit as a member," were not sustained. To complete the challenge picture, it is appropriate to note that after the second challenge the following discussion took place:

"COL AGNELL [President of the Court]: I am no man to want to jeopardize the validity of this court in any manner. I am wondering if it is proper for the court to ask the secretary to read the exact statement of Colonel Trojanowski.

TC: I will object to that course of proceedings on these grounds. If the words are, in themselves, prejudicial, a rereading of them will merely fix them more firmly in the minds of the court. Secondly, I believe the basis for a challenge for cause would not be what the words themselves said but whether these words forced the members of the court to a position of impartiality.

**589**

LO: Objection of the trial counsel is sustained.

COL AGNELL: My point was—there seems to be a question as to whether the words were or were not prejudicial and if we, as members of the court heard those words—some question in my mind as to we either did or did not understand them correctly or perhaps misinterpreted them.

LO: I have ruled on it.

PRESIDENT: That is perfectly all right."

An accused is entitled to be tried by an impartial court. United States v Dean, 5 USCMA 44, 17 ■ CMR 44. To that end, a court member must disclose any ground which might disqualify him from sitting. Manual for Courts-Martial, United States, 1951, paragraph 62(b); United States v Richard, 7 USCMA 46, 50, 21 CMR 172. In so doing, however, he must take care to disclose only the "ultimate ground for challenge," lest the details prejudice the accused in the eyes of the court members. Ibid, page 51. Obviously trial counsel recognized the danger. He immediately interrupted the member's remarks as to his previous relations with the accused, and cautioned him "not to be specific." It is equally apparent that the member tried to heed the admonition. However, neither the good faith of trial counsel nor that of the court member is the touchstone for our problem. We must look to the substance of the disclosure and its probable effect. United States v Fry, 7 USCMA 682, 23 CMR 146. And when we do so, we must conclude **Headnote 2** that the matters mentioned by Colonel Trojanowski were not such as would reasonably influence the other court members in their consideration of the case.

Except for certain purposes, which are inapplicable here, evidence that the accused was previously in- ■ volved in criminal activities cannot be brought to the attention of the court members. United States v Richard, supra; see also Marson v United States, 203 F2d 904 (CA 6th Cir)(1953). Such evidence tends to establish an unfavorable bias against the accused. But not every act of misconduct has that effect. If the previous misconduct appears to be "a simple delinquency," and the offense charged is substantially different in character and in the degree of seriousness, it is improbable that evidence of the former would persuade the court members that the accused was more likely to commit the latter than would a person whose earlier conduct was irreproachable. United States v Thomas, 6 USCMA 92, 19 CMR 218; cf. United States v Kelley, 7 USCMA 584, 23 CMR 48; United States v Richard, supra. It is hardly disputable, for example, that a conviction for failing to maintain clean boots, in violation of Article 134 (see Manual for Courts-Martial, United States, 1951, paragraph 127(c), Section A, page 227), would have no measurable significance in a case in which the accused is charged with aiding the enemy, in violation of Article 104, Uniform Code of Military Justice. Here, the accused was charged with robbery, an offense which all persons know to be a very serious crime. What of the accused's earlier conduct? Even Colonel Trojanowski, who was intimately concerned with it, said only that it "might have some bearing" on his duty to judge the case impartially.

From the Colonel's remarks, we do not know the nature of the accused's misconduct. However, it seems clear that his transgressions were relatively minor. The reference to "disciplinary punishment," in conjunction with the comment on the accused's work for the Colonel as a "prisoner," gives a distinct impression that the accused's previous misdeeds were "simple delinquencies." The impression is strengthened by the further reference to the accused's "personal problems" and the Colonel's efforts to counsel him. The latter references imply that personal problems were the cause of the accused's earlier wrongdoings. In the implication, there seems to be an undertone of compassion for, rather than prejudice against, the accused. It is not surprising, therefore, that defense counsel's challenge of other court members prompted the president to request that Colonel Trojanowski's

remarks be read in order to determine whether he had overlooked something not before noted in them.

The record of trial clearly indicates that the Colonel's comments on the accused's previous misconduct did not make an indelible impression upon other court members. Considering that fact, in conjunction with the testimony of the remaining members that they would impartially judge the case upon the basis of the evidence, we are of the opinion that there is no fair risk that the Colonel's statements prejudiced the other court members against the accused. United States v Stewart, 1 USCMA 648, 5 CMR 76.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.