UNITED STATES, Appellee

v

RICHARD L. FAYLOR, Private E-2, U. S. Army, Appellant

9 USCMA 547, 26 CMR 327

No. 11,330

Decided September 5, 1958

*First Lieutenant Thomas F. Shea* argued the cause for Appellant, Accused. With him on the brief was *Captain John F. Christensen.*

*First Lieutenant Jay D. Fischer* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Major Thomas J. Nichols.*

## Opinion of the Court

HOMER FERGUSON, Judge:

One issue confronts us: the resolution of whether the accused was prej- udicially denied effective assistance of counsel because said counsel repre- sented the conflicting interests of a co-

**547**

accused in a joint trial. Defense counsel represented Private Faylor and Private Fisher at their joint trial for the crime of wrongful appropriation, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. A plea of guilty was entered. No evidence was introduced by the prosecution. Upon the return of a finding of guilt, the law officer inquired of defense counsel if the accused had been informed of their rights to present evidence in extenuation and mitigation or to make a statement to the court. Defense counsel responded that they desired he make an unsworn statement for them. After a brief resumé of the accused's background, the defense counsel said:

"Private Fisher . . . neither Private Fisher nor Private Faylor have ever been in any trouble as civilians. This offense arose after a company party where they had served beer, and the two boys were pretty well intoxicated when they took this car. I do want to ask you gentlemen to please assess this punishment to these boys separately. I want to urge you to remember the extreme youth especially of Private Fisher, who is 18 years old, and to notice that he has never been convicted of anything in the Army and that he has never been in any trouble as a civilian.

"I also want to tell you that Private Faylor was more or less the leader in this offense. Although Private Fisher is quick to claim his part of the responsibility, it is evident, I believe, that Private Faylor is more of a motivating force in this offense. Bear in mind, please, that these boys were intoxicated, and that arose from a company party. Private Fisher had never drank hardly anything before that night.

"I think, and I hope that you can, that a sentence of six months confinement in the stockade and six months forfeitures would be wholly sufficient for Private Fisher. Thank you very much."

The court sentenced Private Faylor to dishonorable discharge, forfeiture of all pay and allowances, and confine-

**548**

ment at hard labor for two years. Private Fisher received a sentence of confinement at hard labor for six months, and forfeitures of $55.00 per month for a like period. In accordance with a pretrial agreement the convening authority reduced Private Faylor's confinement to one year and otherwise approved. Inasmuch as the sentence by the court as to the accused Fisher was less than the pretrial agreement, it was approved as rendered.

Unmistakably, prejudice to the accused Faylor was inherent in counsel's plea of mitigation. A better example of conflict of interest could not be more clearly and amply demonstrated. United States v Lovett, 7 USCMA 704, 23 CMR 168; Glasser v United States, 315 US 60, 62 S Ct 457, 86 L ed 680. The sideling tactics of counsel with an apparent objective of totally sacrificing the accused Faylor in an attempt to impress the court with the need of mitigation for his other client left the accused Faylor inadequately and ineffectively represented. It is additionally evident from a glance at the severity of the sentence meted to the accused Faylor, as contrasted with that accorded Private Fisher, that the court was as equally impressed as defense counsel with the accused's "motivating force" of criminality referred to by counsel in his plea. This accused was deprived of the undivided loyalty of his counsel. Although counsel may not have been aware of his impropriety, a proper understanding that he must at all times serve the best interests of his client would have served to avoid the conflict. Joint representation in this case is divided loyalty. The prejudice suffered by the accused Faylor entitles him to a rehearing on the sentence.

The decision of the board of review is reversed. The record of trial is herewith returned to The Judge Advocate General of the Army for submission to a court-martial for a rehearing on the sentence.

Chief Judge QUINN concurs.

Judge LATIMER concurs in the result.