UNITED STATES, Appellee

v

JACOBO R. E. BACA, Airman Second Class, U. S. Air Force, Appellant

14 USCMA 76, 33 CMR 288

No. 16,588

June 21, 1963

*Major Charles K. Rush* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel E. Henderson, Jr.*

*Captain Donald W. Brewer* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

QUINN, Chief Judge:

At a joint trial with Airman Second Class Tomas Aranda, a special court-martial convicted the accused of three specifications of assault and battery, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. The question on this appeal is whether prej-udicial error was committed by continuing the trial against the accused after Aranda entered a plea of guilty in open court.

Aranda and the accused were represented by different counsel, each of whom was a qualified lawyer. After Aranda's plea, no motion for a sever-

**77**

ance was made by the accused's counsel. Ordinarily, the failure to move for a severance at an appropriate time constitutes a waiver. See United States v Bodenheimer, 2 USCMA 130, 7 CMR 6. However, accused's appellate counsel contend that since a plea of guilty admits all of the incriminating facts and is equivalent to conviction, Aranda's plea could not be disregarded by the court members when they deliberated on the accused's guilt or innocence.

In Hudson v North Carolina, 363 US 697, 702, 4 L ed 2d 1500, 1504, 80 S Ct 1314, 1318 (1960), the United States Supreme Court pointed out that if, in the presence of the jury, one accused pleads guilty, there is "great potential prejudice" to a co-accused who pleads not guilty and goes to trial before the same jury. See also Heinecke v United States, 316 F2d 685 (CA DC Cir) (1963). The danger in such a situation is that the triers of fact might improperly consider the plea of guilty of the one accused as evidence against the other who pleads not guilty. United States v Humble, 11 USCMA 38, 28 CMR 262. When the evidence of guilt is compelling, there is little likelihood that the findings of guilty will be influenced by knowledge that a co-accused entered a plea of guilty. However, the condition of the proof is not known until the end of the trial; it is, therefore, appropriate to avoid the possibility of harm to an accused who is expected to plead not guilty by moving before trial for a severance. Rogers v United States, 304 F2d 520 (CA 5th Cir) (1962). A severance though is not the only way to guard against the adverse influence of the plea of guilty of a co-accused. Strong cautionary instructions may prevent potential prejudice from developing into a fair risk of prejudice. See Annotation, 54 ALR 2d 830; Anderson v United States, 270 F2d 124 (CA 6th Cir) (1959). On the other hand, when it appears the accused are "so inseparably connected that the jury could hardly have been expected to return a verdict of guilty against one and of not guilty as to the other," cautionary instructions may not suffice

to eliminate the risk of harm, and a severance or a mistrial may be required in the interests of justice. Schaffer v United States, 221 F2d 17, 19 (CA 5th Cir) (1955); see also Payton v United States, 222 F2d 794, 796 (CA DC Cir) (1955). With these rules in mind, we turn to examine the record of trial.

As we noted earlier, each specification alleges the joint commisson of the offense charged. Considered alone, therefore, Aranda's plea of guilty tended to indicate the accused was an active and direct participant in carrying out the assaults. If the Government's case had rested upon such participation, there would be a basis for accused's argument that he and Aranda were "so inseparably connected" as to make it unlikely the court-martial could treat them separately in its deliberations. However, the Government's theory was that the accused aided and abetted Aranda. Similarly, the accused defended on the theory he merely had the misfortune "of being in the wrong place at the wrong time"; and his actions were more consistent with "the acts of someone . . . trying to avoid a fight" than with those of a person who "aided or encouraged Airman Aranda in the commission" of the offenses charged. As the case developed, therefore, Aranda's plea did not necessarily incriminate the accused. This circumstance was emphasized at three separate and appropriate places in the instructions.

The president specifically called the attention of the court members to the "very important matter" of differentiating between Aranda and the accused. He instructed them that in considering the findings they must "bear in mind at all times" that the two accused were charged "as individuals"; and that the findings as to each accused must be determined separately. He delineated the elements of the offenses as to each accused separately; and he expressly instructed the court members that the appellant's guilt depended upon whether the evidence established beyond a reasonable doubt that he "aided or abetted the commission of any of the offenses." The president

further advised the court members that mere presence at the scene was not sufficient to establish the accused's guilt. Finally, he told the court members that if they entertained a reasonable doubt of guilt they must find the accused not guilty, and make necessary special findings excepting the words " 'acting jointly and in pursuance of a common intent' " as to the other accused. The theory of the prosecution and defense, and the preciseness of the instructions, compel the conclusion that Aranda's plea of guilty did not prejudice the court-martial against the accused in its deliberations on his guilt or innocence. United States v Nix, 11 USCMA 691, 694, 29 CMR 507.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.