UNITED STATES, Appellee

v

GEORGE E. OLIVER, Airman Third Class,
U. S. Air Force, Appellant

14 USCMA 192, 33 CMR 404

No. 16,670

August 16, 1963

*Major Andrew S. Horton* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel E. Henderson, Jr.,* and *Major William A. Crawford, Jr.*

*Lieutenant Colonel Emanuel Lewis* argued the cause for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

Appellant contends he was deprived of a fair trial because he was tried jointly with a co-accused who entered a plea of guilty in open court. The Government maintains that since the accused failed to move at trial for a severance he waived any error that might be present. See United States v Baca, 14 USCMA 76, 33 CMR 288.

In the *Baca* case, we noted the general rule that failure to move for a severance "at an appropriate time constitute a waiver." *Id.* at page 78. Here, the accused moved for a severance before the convening authority before the charges were referred to trial, but he did not renew the motion at trial. It would appear, therefore, that the Government's argument raises two preliminary questions: (1) Is a

motion for a severance made at an appropriate time, if it is made to the convening authority before reference of the charges to trial; (2) if a motion before the convening authority is appropriate, is the accused entitled to appellate review of an adverse ruling, without renewing the motion at trial? The questions invite discussion, but we prefer to pass directly to the merits of the accused's contention.[1]

At the time of the offenses, the accused was eighteen years old. His partner in crime was his roommate, Vivion Hadley, a thirty-five-year-old airman with more than sixteen years of service. The offenses with which they were jointly charged were housebreaking, and larceny of a tape recorder, a television set, and a stereo record player, from fellow airmen.

---

[1] It is worth noting that matters advanced in support of a preliminary motion for a severance may sometimes be better appraised in light of the conditions actually existing at trial; and sometimes events intervening between the motion and trial may materially affect the circumstances upon which the movant initially relies. See United States v Kahaner, 203 F Supp 78 (SD NY) (1962); United States v Van Allen, 28 FRD 329 (SD NY) (1961); United States v Haupt, 136 F2d 661, 673–674 (CA7th Cir) (1943).

During the Air Police investigation, both accused initially denied knowledge of the offenses, but later each separately gave a statement confessing the crimes. A number of variations of detail appear in the statements; the main difference is that Hadley charged the accused with originating the idea for the offenses and with effecting the arrangements for concealing the stolen property, whereas the accused said Hadley was responsible for these parts of the transaction.

After the Article 32 investigation, but before the charges were referred to trial, the accused asked the convening authority for a severance. Unfortunately, the request was not made part of the record. See United States v Dean, 7 USCMA 721, 23 CMR 185. However, the staff judge advocate discussed the request at length in his pretrial advice, and the accused does not now challenge the accuracy or the completeness of his statement of its terms. We are satisfied that the grounds relied upon by the accused are adequately indicated in the pretrial advice. In substance, the accused contended Hadley forced him to participate in the offenses. He said Hadley threatened to "whip" him. Hadley had "bullied" him generally in the months they had been roommates, and on a number of occasions had threatened him with a knife. He weighed about one hundred pounds more than the accused, and the accused was afraid of him. The staff judge advocate concluded the accused's request was insufficient to raise the defense of duress. He also indicated that a separate trial would not give the accused "any more opportunity to place the blame on Hadley for being ringleader than" he would have in a joint trial. However, he recognized the "dilemma" of defense counsel in representing both the accused and Hadley. Consequently, he recommended that separate counsel be appointed. See United States v Faylor, 9 USCMA 547, 26 CMR 327.

No direct ruling on accused's request appears in the record, but the convening authority noted his concurrence in the pretrial advice and, in fact, appointed separate counsel for Hadley.

At trial, the motion for a severance was not renewed. Hadley pleaded guilty to both offenses, but the accused pleaded not guilty. The accused testified in his own behalf substantially in line with the statement submitted in connection with the request for a severance, as indicated in the pretrial advice.

Two separate grounds for a severance are presented by the material facts. The first concerns the accused's defense of coercion; the second relates to Hadley's plea of guilty and the introduction of his confession.

Antagonistic defenses among co-accused are not uncommon; and the existence of a conflict does not necessarily require the grant of a severance. United States v Johnson, 14 CMR 842, 846. Assuming, without deciding, that coercion of one by another is sufficient to justify a severance, the person who allegedly exerted the coercion, not the purported victim, is the one burdened by the defense. See Dauer v United States, 189 F2d 343 (CA10th Cir) (1951), cert den, 342 US 898, 96 L ed 672, 72 S Ct 232 (1951). Obviously, use of an innocent person to effectuate a crime aggravates the wrong. Consequently, Hadley, not the accused, was the one who could claim disadvantage by a joint trial. In fact, at trial, Hadley's lawyer did complain; he maintained that the accused's testimony that he was coerced by Hadley prejudiced his client "without any opportunity for . . . [him] to answer it." We conclude that so far as antagonism of defense between the accused and Hadley is concerned, no prejudice resulted to the accused from the joint trial.

As to Hadley's plea of guilty and the admission in evidence of his confession, we are mindful, as we pointed out in the *Baca* case, that a potential for prejudice exists against an accused who pleads not guilty before a court-martial, when a co-accused is allowed to plead guilty before the same court. We are also aware of the ineffectiveness of an in-

struction to limit consideration of a confession to the accused who made it, where the confession implicates a co-accused, and the two are "inseparably connected" with the crime. See United States v Baca, supra, and cases cited, at page 78. However, the evidence in this case compellingly indicates there was no possibility of harm to the accused from either Hadley's plea or confession. Both in his pretrial statement to the Air Police, which was admitted into evidence without objection, and in his testimony at trial, the accused confessed he committed the offenses with Hadley. To escape liability, he contended he was coerced by Hadley. His defense stands completely apart from Hadley's plea and confession. It was submitted to the court-martial, along with other instructions that none of the evidence against Hadley could be considered in "connection with the guilt or innocence of the accused Oliver." As the case was tried, therefore, there is no fair risk that the court-martial drew any inferences adverse to the accused from Hadley's plea and confession. United States v Baca, supra.

The decision of the board of review is affirmed.

KILDAY, Judge (concurring):

I concur. However, the principal opinion points out that "the Government's argument raises two preliminary questions: (1) Is a motion for a severance made at an appropriate time, if it is made to the convening authority before reference of the charges to trial; (2) if a motion before the convening authority is appropriate, is the accused entitled to appellate review of an adverse ruling, without renewing the motion at trial? The questions invite discussion, but we prefer to pass directly to the merits of the accused's contention."

I submit that the questions should not be raised if we are not to discuss or decide them. For my own part, I am quite willing to do so and thereby eliminate any possible uncertainty in this area.

Clearly, a request to the convening authority for severance is appropriate. In this case the request was made and though not specifically denied, the reference to trial was a rather effective denial of the request. It is significant that when such request was made counsel for this appellant was also appointed defense counsel for his co-accused. Subsequently, different defense counsel was appointed for the co-accused. No further request for severance was made. Relief from appearing in court as attorney for contending defendants may have been the thing desired by appointed defense counsel. Indeed, the absence of any renewal of the pretrial request for severance may possibly be explained by the fact that accused's lawyer, no longer burdened by the responsibility of representing conflicting interests, utilized the presence at the joint trial of the co-accused—a considerably bigger and older man—as graphic support for the asserted defense of coercion.

I cannot subscribe to the proposition that there should be appellate review of a denial of severance by the convening authority when no such request was made at trial. Absent such request the law officer might not know that a previous request was ever made. In view of the opinion of this Court in United States v Fry, 7 USCMA 682, 23 CMR 146, it would appear that the well advised law officer may know nothing more than that reflected by the charge sheet and departmental pamphlets. At the very least it is clear that no error is committed by the law officer who makes no investigation into pretrial proceedings and is, for that reason, unaware in the premises. Surely, a law officer would have to be omniscient to order a severance in a joint trial when he is wholly unaware any party, at any time, has desired such relief. To saddle him with such responsibility under these circumstances would require of a law officer even more wisdom than Solomon.

In my opinion, some of the language in Fry, supra, should be reviewed by us. Those portions of the opinion promoting lack of preparation by the law officer should be reconsidered. True, it is only there stated, "it was not good practice for the law officer to review

the investigating officer's report and the testimony of the witnesses." The next question could be whether it would be bad practice for the law officer to read the staff judge advocate's pretrial advice to the convening authority. The only safe course for a law officer under the law of this Court is to open the trial in complete ignorance of all that may be involved; truly an anomalous situation.

If a reading by the law officer of the investigating officer's report and the testimony of the witnesses produces a conviction of guilt, he is truly disqualified. He is disqualified, I submit, to sit as a law officer in any court-martial. Clearly he lacks the judicial temperament required in that position. He is misassigned. He should be transferred to a position in which his predilection to advocacy can be profitably utilized.

For this reason alone I am persuaded that a pretrial request for severance must be renewed in order to preserve the issue for appellate review. And surely orderly procedure dictates that holding. When the express desires of the defense, and the pertinent factors bearing on the matter are spread on the record, appellate processes deal with concrete situations, not possibilities or supposititious cases, and there is no need to resort to speculation or conjecture. Requiring renewal at trial of motions for severance previously made to the convening authority will foster the orderly development of contested issues which we should promote.

Other arguments might be marshalled to bolster the position I take, but no good purpose would be served by developing them at length at this time. It should be sufficient to note that even the principal opinion, in a footnote, concedes the validity of the conclusion I reach. Thus, citing several Federal cases, it notes that the merit of a pretrial motion for severance may be better gauged in light of the circumstances existing at trial, which may change and materially affect the situation.

Nor am I deterred in my conclusion by the following statement in the dissenting opinion:

". . . The *Baca* decision, however, clearly establishes that it is error to try such a case jointly, the question being whether his substantial rights were harmed."

I quote the following language by a unanimous Court in United States v Baca, 14 USCMA 76, 33 CMR 288:

"Aranda and the accused were represented by different counsel, each of whom was a qualified lawyer. After Aranda's plea, no motion for a severance was made by the accused's counsel. Ordinarily, the failure to move for a severance at an appropriate time constitutes a waiver."

There is nothing drastic in requiring an accused who wants a separate trial to ask for it. Counsel in this case knew of the right to separate trials and requested such from the convening authority. There can be innumerable reasons why he did not renew his request at trial. No matter how many reasons counsel may have had, a new one is added if we require reversal under the circumstances of this case. That new one would, no doubt, soon be known as the "ace in the hole." Counsel's mere silence at the trial could assure reversal in the event of a conviction.

FERGUSON, Judge (dissenting):

I dissent.

In United States v Baca, 14 USCMA 76, 33 CMR 288, I joined with my brothers in affirming the conviction of an accused who pleaded not guilty but who was tried jointly with a co-accused who pleaded guilty. I did so, as the "theory of the prosecution and defense, and the preciseness of the instructions," compelled the conclusion that the plea of guilty "did not prejudice the court-martial against the accused in its deliberations on his guilt or innocence." United States v Baca, supra, at page 79. The *Baca* decision, however, clearly establishes that it is error to try such a case jointly, the question being whether his substantial rights were harmed. Uniform Code of Military Justice, Article 59, 10

USC § 859; Walker v United States, 93 F2d 383, 395 (CA8th Cir) (1937).

The record before us demonstrates that accused was prejudiced and, in view of his application to the convening authority for a separate trial, I would not enforce the doctrine of waiver. I base my conclusion as to prejudice upon the following circumstances.

Accused pleaded not guilty to charges of housebreaking, in violation of Code, supra, Article 130, 10 USC § 930, and larceny, in violation of Code, supra, Article 121, 10 USC § 921. By his testimony, he proffered the defense of coercion, alleging that his co-accused, Hadley, had forced him to participate in the offenses charged and to make a pretrial statement in which he admitted his guilt. Hadley, however, pleaded guilty to committing the same offenses jointly with the accused and in pursuance of a common intent. To support that plea, the prosecution introduced Hadley's confession in which he declared that the idea to commit the crimes originated with the accused and was, in the main, executed by him.

Moreover, following accused's exculpatory testimony, Hadley's counsel was permitted to cross-examine him on the issue of coercion and to argue to the court-martial that his client "has not pleaded guilty to being a villian [sic] or coercer of young boys or of any other of these allegations that have been made against him." He also pointed out that Hadley's plea was limited to admitting his guilt "of entering someone else's room and carrying out someone else's personal property *in concert with Airman Oliver*." (Emphasis supplied.)

True it is that the law officer instructed the court that the guilt of the two accused must be separately determined and that Hadley's confession could not be considered against Oliver, but—unlike the situation presented in United States v Baca, supra—it seems to me that we demand far to much from a court member to ask him to disregard a plea of guilty to concerted action, a confession which places the major portion of the blame on Oliver, and an argument which emphasizes the purported falsity of accused's defense. And none of these matters would have been present to militate against the accused if the men had been tried separately. Cf. Delli Paoli v United States, 352 US 232, 1 L ed 2d 278, 77 S Ct 294 (1957); Kramer v United States, 317 F2d 114 (CA DC Cir) (1963). The fact of the matter is that the joint trial permitted the prosecution to double-shot its guns by adding to its case the advocacy of Hadley's counsel, his hostile examination of accused, and the effective ammunition of Hadley's confession. Under such circumstances, there is more than a fair risk that the military jury, despite the law officer's instructions, was led to give scant consideration to Oliver's testimony. Thus, I would hold the error to be prejudicial and set aside the findings and sentence. Unlike United States v Baca, supra, the United States here gained an unwarranted advantage by the course which it followed, and we should not countenance such tactics when the matter was brought to the attention of the authorities prior to trial and a separate trial sought for the valid reasons which this record so compellingly establishes.

I would reverse the decision of the board of review and order a rehearing.