**UNITED STATES, Appellee,**

v.

**Vincent PAULIN, Airman Basic, U. S. Air Force, Appellant.**

No. 34,049.
ACM 22132.

U. S. Court of Military Appeals.

Nov. 13, 1978.

Appearances: For Appellant—*Captain Thomas S. Markiewicz* (argued); *Colonel Robert W. Norris* (on brief).

For appellee—*Major Gilbert J. Regan* (argued); *Colonel Julius C. Ullerich, Jr.* (on brief).

Opinion of the Court

PERRY, Judge:

The appellant was convicted by a general court-martial consisting of a military judge and members of possession, use, transfer and introduction of heroin onto a military base, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to be dishonorably discharged from the Air Force, confinement for 2 years and forfeiture of all pay and allowances. The United States Air Force Court of Military Review reversed the conviction as to the specification alleging wrongful use of marihuana and ordered its dismissal. The court then reassessed the sentence and affirmed the dishonorable discharge, confinement for 15 months and forfeiture of all pay and allowances. We granted review to consider the appellant's claim that the military judge who presided at his trial should have disqualified himself.

During an Article 39(a), 10 U.S.C. § 839(a) session prior to the trial, appellant's counsel ascertained through questions which he directed to the military judge, that prior to the commencement of the trial proceedings, the judge had read the pretrial advice of the staff judge advocate and the Article 32, 10 U.S.C. § 832 report. The

judge acknowledged that he almost always read the pretrial advice in cases in which he will serve as military judge and that he usually reads the Article 32 report if he is not told specifically by the defense counsel that a request for trial by judge alone will be made. He added that in the instant case, he had been informed by counsel that no request for trial by judge alone would likely be made. Thereupon, the appellant's counsel challenged the judge for cause, arguing that since the judge had read these items, he would not be able to afford the appellant a fair trial. The judge refused to disqualify himself and stated that he could be completely impartial in the conduct of this case. The trial proceeded by the judge and a panel which, as above noted, found the appellant guilty of the several offenses charged against him.

In this Court, the appellant argues that Article 16, UCMJ, 10 U.S.C. § 816, creates a right on the part of the accused to request trial by military judge alone. He acknowledges that no such request was made in this case but asserts that the appellant could have made the request if he had wished. Finally, he asserts that, in this case, the judge deprived him of that choice by reading the pretrial file which contained the data above mentioned.

This Court has previously considered challenges to a judge's review of pretrial data. In *United States v. Fry,* 7 U.S.C.M.A. 682, 23 C.M.R. 146 (1957), the Court reviewed the denial of a defense challenge of the law officer for cause based upon the fact that the law officer had prepared himself for the discharge of his responsibilities by reading the investigating officer's report and by attempting to obtain a copy of the expected testimony. The law officer responded that his interest in each case was entirely academic and that he had not

formed an opinion concerning the accused's guilt or innocence. This Court observed that, in view of all the grounds for disqualification, the law officer is permitted a much narrower association with a case before the trial than is allowed the judge in a civilian court but that "absolute ignorance of the prospective evidence is not even required of a court member who actually determines the guilt or innocence of the accused." [1] "The touchstone of ineligibility," said the Court, "is not mere knowledge of the evidence, but the effect that it has. If it produces a conviction of guilt, challenge for cause clearly exists." [2] The Court cautioned that "thorough knowledge of the 'expected testimony' of the witnesses would result in at least the *formation* of a definite opinion of guilt," for, having "a positive opinion of guilt at the beginning of the trial" renders him "subject to challenge." [3] The Court also said, "Adequate information as to the probable issues can normally be obtained by reading the charges." [4] Finally, the Court observed that "it was not good practice for the law officer to review the investigating officer's report and the testimony of the witnesses. Although not within the scope of the overall pattern of disqualification established by the Uniform Code and the Manual, it is too close to a violation of its spirit to merit approval." [5]

Later, in *United States v. Mitchell,* 15 U.S.C.M.A. 516, 36 C.M.R. 14 (1965), the Court stated, *inter alia,* that "to the extent *United States v. Fry, supra,* may have been understood to forbid pretrial familiarization by law officers with the cases upon which they are to sit, we reject such an interpretation." [6] The *Mitchell* Court further observed "that no outright ban was either intended or imposed by *Fry*" since in *United States v. Fry,* the judge's "performance at trial was there assessed on its merits and

1. *United States v. Fry,* 7 U.S.C.M.A. 682, 684–5, 23 C.M.R. 146, 148–9 (1957).

2. *Id.* at 685, 23 C.M.R. at 149.

3. *Id.*

4. *Id.*

5. *Id.* at 686, 23 C.M.R. at 150.

6. 15 U.S.C.M.A. 516, 521, 36 C.M.R. 14, 19 (1965).

not even any hint of impropriety by him was found." [7] In addition they said that [8] the gaining of background—whether by way of legal research or otherwise—as to better enable the fulfillment of duties, is to be encouraged. Within the limitations fixed by applicable provisions of the Code and the Manual, the critical consideration in this area is not whether a law officer has perused the pretrial file or prepared for the trial, but whether he properly maintains his fair and impartial attitude, and guards against embroiling himself so deeply in particulars not necessary to his preparation as to create any predisposition on his part. We have no desire to impede or hamper helpful preparation for trial, and we confidently trust that military justice will continue to be administered with the same improved objectivity, impartiality, and judicial demeanor that generally characterizes the system today.

More recently, in *United States v. Carroll,* 20 U.S.C.M.A. 312, 43 C.M.R. 152 (1971), the Court rejected a contention that the accused there was prejudiced at the sentencing proceeding where the military judge read the pretrial advice and the Article 32 record which, the accused argued, contained conflicting versions between the accused and the victim of the assault. The Court held that it was error for the judge to read the Article 32 record and the pretrial advice of the staff judge advocate without the knowledge and consent of the accused but nevertheless held that, under all the circumstances, the accused was not prejudiced since it did not appear that the judge was in any way influenced by his review of those items.

The above cases suggest that this Court, while at least troubled by a trial judge's review of pretrial data before trial, has been unwilling to disturb convictions in the absence of prejudice evident by a proper showing that the judge, by review of the pretrial data, has lost his mantle of impartiality. The strongest condemnation of the practice of review of pretrial data was made in *United States v. Fry, supra.* In *Mitchell,* the Court declined to adopt the strong language contained in *Fry.* But in *Carroll,* the Court signaled a return to the strong admonition contained in *Fry* and found error where the military judge had read the pretrial advice and the Article 32 record, while nevertheless finding that the accused was not prejudiced. Though these cases represent varying views concerning what a trial judge may or may not do concerning the review of pretrial data, they contain single approach in their insistence upon impartiality on the part of the military judge.

The Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 62 *f,* specifies the grounds upon which the military judge may be challenged for cause and contains no specific challenge for cause arising from the judge's prior review of the pretrial data. Paragraph 62*f*(13) provides as a challenge for cause "[a]ny other facts indicating that he should not sit as a member or military judge in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality. . . ." Paragraph 62*h*(2) of the Manual cautions that "[t]he military judge . . . should be liberal in passing on challenges, but" that "[t]he burden of maintaining a challenge rests on the challenging party."

In the instant case the appellant claims before us that the military judge's prior review of the pretrial data deprived him (the appellant) of the choice of requesting a trial by military judge alone, forcing him to proceed with the trial by the military judge and panel members. However, at the trial, the appellant rested his challenge upon the claim that, since the judge had reviewed the pretrial data, he would not be able to conduct a fair trial. It is thus seen that inconsistent reasons for the challenge have been advanced at the trial and in this Court. That inconsistency need not detain us, however, as we do not find that the challenge can be sustained on either theory.

---

7. *Id.*

8. *Id.*

No request for trial by judge alone was ever made. The judge stated that prior to reviewing the Article 32 report he had been informed that no request for trial by judge alone would be made. Therefore, the court-martial consisted of the military judge and members instead of the military judge alone. The crucial facts and the verdict of guilty were found by the members. Likewise, the sentence was arrived at and announced by the members. The judge did not participate in the deliberations which led to the announcement of the verdict of guilty or the sentence. See paragraphs 74d (1) and 76b (2), Manual, supra. His duty as presiding judge was to conduct the trial in an orderly and impartial manner; to rule upon the admissibility of evidence; to instruct the panel members on the law applicable to the case and to perform such other functions as are incumbent upon him as a military judge prior to, during, and subsequent to the trial, in accordance with the Uniform Code of Military Justice and the Manual for Courts-Martial. Our examination of the record of trial reveals a painstaking effort by the military judge to accord the appellant a fair trial. Nothing he did or said during the trial indicates that he had prejudged the guilt of the appellant. No other ruling made by him has been challenged. Nor has any instruction on the law been challenged as incorrect or inadequate. No action or attitude was displayed which rendered him subject to challenge for cause under paragraph 62f, Manual, supra. Under these circumstances we do not find that the judge committed error when he refused to disqualify himself.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge FLETCHER concurs.

COOK, Judge (concurring):

A genre difference exists between ascertainment of legal issues that might arise at trial and the acquisition of "thorough knowledge of the 'expected testimony' of the [probable] witnesses" that was condemned in United States v. Fry, 7 U.S.C. M.A. 682, 685, 23 C.M.R. 146, 149 (1957). The condemnation of Fry is now part of the federal civilian practice in that "personal knowledge [by the trial judge] of disputed evidentiary facts concerning the proceeding" constitutes a nonwaivable ground of disqualification. 28 U.S.C. §§ 455(b)(1) and (e). The disqualification was enacted because a judge "cannot be, or cannot appear to be, impartial" if he has such prior knowledge. Thode, Reporter's Notes to Code of Judicial Conduct at 62 (1973), cited in Wright-Miller, Federal Practice and Procedure § 3543 n. 2. The disqualification arises if the disputed facts become known to the judge through "ex parte communication." Wright-Miller, op. cit. § 3543. The same rationale is expressed in this Court's observation in Fry that questions asked of a witness at trial by a judge who "previously acquired a comprehensive knowledge of the evidence" by ex parte conduct may more likely reflect "the impulse of the advocate than that of the judge." Id. at 685.[1] I believe, therefore, that the trial judge here erred in reviewing, on his own and without any matter actually being presented to him, the Article 32 investigation proceedings and the staff judge advocate's pretrial advice. The remaining question is what to do about the error.

As noted, under present federal civilian law, the disqualification is not waivable. I do not believe, however, that the statute is as undiscriminating as its language suggests. In my opinion, personal knowledge of disputed evidentiary facts that are not likely to affect the course of trial and its results is not disqualifying. See United States v. Seiffert, 501 F.2d 974, 978 (5th Cir. 1974). Fry took that view of the matter. The Court "scrutinized the record of trial" to determine whether the judge's "previous knowledge had a harmful effect upon a right of the accused." Id. at 686.[2] Finding no evidence of any such influence, the Court upheld the judge's refusal to recuse himself. As I read the opinion in United States v. Crider, 21 U.S.C.M.A. 193,

---

1. 23 C.M.R. at 149.

2. 23 C.M.R. at 150.

44 C.M.R. 247 (1972), the Court followed the same course in determining that the judges constituting a panel of the Navy Court of Military Review to which the accused's case had been assigned had improperly denied a defense motion that they recuse themselves.

I agree with Judge Perry that no one reading this record could have the slightest doubt as to the integrity of the judge's conduct or the fairness of the trial. I, therefore, join in affirming the decision of the Court of Military Review.