UNITED STATES, Appellee

v.

ROBERT D. CLINE, Private E–2, U. S. Army, Appellant

2 USCMA 411, 9 CMR 41

No. 769

Decided April 17, 1953

LT COL George M. Thorpe, U. S. Army, and 1ST LT Benjamin Feld, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and 1ST LT Kenneth A. Howard, U. S. Army, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This is an appeal from a decision of an Army board of review. The appellant, Private Robert D. Cline, United States Army, was tried by a general court-martial on October 19, 1951, at Yanggu, North Korea, for the offense of desertion with intent to avoid hazardous duty, in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679 (Charge I and the specification thereunder), and for the offense of cowardly conduct before the enemy, in that he refused to join the forward

elements of his company after being so ordered by his superior officer, in violation of Article 99, Uniform Code of Military Justice, 50 USC § 693 (Charge II and the specification thereunder). The accused entered a plea of not guilty to the charges and the specification thereunder. The law officer granted the defense counsel's motion for a directed finding of not guilty to Charge II and its accompanying specification on the ground that the evidence failed to establish the offense alleged. The accused was found guilty of Charge I and its specification and was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for two years. The convening authority approved the findings and sentence on November 2, 1951. A board of review in the office of The Judge Advocate General, United States Army, on January 16, 1952, affirmed.

We granted the petition of the accused to review his record of conviction, limiting the scope of our review to the following issues: (1) whether the law officer's instructions to the court were proper for the offense alleged in the specification of Charge I; (2) whether the prosecution failed to produce evidence that the accused's unit was actually before the enemy on the day that the offense allegedly occurred; (3) whether the accused was in fact unfit for duty at the time of the alleged offense.

The pertinent facts established in this case by the prosecution and defense are briefly related. The ■ accused was a member of Company G, 9th Infantry Regiment, then located at or near Worun-ni, North Korea. A duly authenticated extract copy of the morning report of Company G was introduced in evidence to establish the inception of the accused's absence without permission on August 30, 1951, and the termination thereof on September 3, 1951. Two enlisted men of the accused's company were called as prosecution witnesses and the following information was elicited from them: (a) Company G was engaged in combat

activities with the enemy in the vicinity of Bloody Ridge, North Korea, on August 30, 1951; (b) they had observed the accused in conversation with a Lieutenant Greenfield in the "rear trains area" on August 30, 1951; (c) the "rear trains area" was about five miles from Hill 761, the combat objective of Company G at that time; (d) they heard Lieutenant Greenfield instruct the accused to return to the Hill; (e) they did not recall whether the accused made a reply to this instruction of Lieutenant Greenfield; (f) Company G received mortar fire and sustained casualties, during the period August 30, 1951, to September 2, 1951. The accused elected to testify in his own behalf and stated in substance: (a) He had been in Korea for eleven (11) months; (b) he was a rifleman; (c) he had received three combat wounds during this period; (d) he had been in medical channels for combat fatigue about five days prior to August 30, 1951; (e) he had returned to the rear command post of his company because he "couldn't take it any longer"; (f) his return was in accordance with instructions of the First Sergeant covering such a situation; (g) on August 30, 1951, he was helping a wounded soldier down from Hill 761 when "mortar rounds started coming in"—the soldier who was also assisting the wounded man was killed; (h) he admitted that he had a conversation with Lieutenant Greenfield in which he told the Lieutenant that he "couldn't take it any longer"; (i) Lieutenant Greenfield became angry and told the accused "he didn't want me in the battalion area. He told me to leave, to go back to the front or back to regiment or to go otherwise"; (j) later in the conversation Lieutenant Greenfield said, "to get to regiment or to Pusan or someplace in that location"; (k) he went to regiment and from there to Pusan where he was taken into military custody.

The law officer in his instructions to the court on the elements of desertion, referred in the alternative to the intent to avoid hazardous duty and the intent to shirk important service. The instructions should have been confined to the intent charged—intent to avoid

412

hazardous duty—but in view of a more serious deficiency in the instructions, it is unnecessary to consider this issue in detail. The law officer confined his instructions regarding the lesser included offense of absence without proper authority to the following:

"The court is also referred to paragraph 164a(2), Manual for Courts-Martial 1951, page 311, and to the last paragraph on page 314. Also to Appendix 12, page 537, for Table of Commonly Included Offenses."

In the instant case we are satisfied from an examination of the trial record that the issues raised by the accused in his appeal in respect to (a) whether the prosecution failed to produce evidence that the accused's unit was actually before the enemy on the day that the offense allegedly occurred; (b) whether the accused was in fact unfit for duty at the time of the alleged offense, are without merit. The brief recital of the facts as set forth in this opinion indicate that there was sufficient evidence before the court to justify its findings of guilty. However, we are of the opinion that the accused in his defense presented "some evidence from which a reasonable inference may be drawn that the lesser included offense was in issue." United States v. Clark (No. 190), 2 CMR 107, decided February 29, 1952.

The prosecution evidence in this case was limited and confined to the introduction of the duly authenticated extract copy of the morning report of the accused's company and the testimony of two enlisted men that they had seen the accused engaged in conversation with a Lieutenant Greenfield in the "rear trains area"; also there was substantial evidence that Company G was engaged in combat operations with the enemy. It is conceded, arguendo, that this evidence established a prima facie case of desertion, as alleged. However, we are impressed with certain omissions in the prosecution case that are significant to our determination of whether prejudicial error was present in this case. First, we note that Lieutenant Greenfield was not called as a witness, nor was an explanation offered for his absence at the time of trial. Second, the testimony of the two enlisted men, members of the accused's company, was not conclusive or even helpful in determining what intent, if any, motivated the accused when he left the presence of Lieutenant Greenfield.

The accused testified as a witness. The testimony of the accused challenged the prosecution case. While the accused tacitly admitted the commission of the offense of absence without proper authority, a clear and distinct line of cleavage developed between the prosecution and defense case at this point. The testimony of the accused raised the issue of whether he had ever formed an intention to desert. Certainly it is possible, and probably reasonable to conclude from his testimony that the accused was motivated by combat fatigue and a genuine misunderstanding of Lieutenant Greenfield's angry utterances.

Under these circumstances we are of the opinion that there was substantial evidence indicating that the lesser included offense of simple unauthorized absence was committed. This issue should have been presented to the court for determination.

The mere reference to the Manual for Courts-Martial, United States, 1951, and to Appendix 12, Table of Commonly Included Offenses, thereof, ■■■■ ■ will not suffice, and cannot be substituted for a specific instruction charging the court with the elements of proof required for a finding of guilty of the offense of absence without proper authority. We have disapproved this practice in United States v. Gilbertson (No. 318), 4 CMR 57, decided July 22, 1952, and United States v. Strong (No. 244), 5 CMR 55, decided August 27, 1952.

We find that the law officer's instructions concerning the lesser offense were prejudicially inadequate. The finding of desertion cannot stand. However, it is unnecessary to order a rehearing since there is indisputable and substantial evidence that the accused did commit the offense of absence without leave in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680.

The case is remanded to The Judge Advocate General of the Army for return to the board of review for consideration of the appropriateness of the sentence and for such other proceedings not inconsistent with this opinion as may be necessary.

Judges LATIMER and BROSMAN concur.