UNITED STATES, Appellee

v

MERLYN LEWIS CARRIER, Seaman Apprentice,
U. S. Navy, Appellant

7 USCMA 633, 23 CMR 97

No. 9167

Decided March 1, 1957

*Commander Charles Timblin* argued the cause for Appellant, Accused. With him on the brief was *Commander Gay E. Milius, Jr.*

*Commander Guilbert W. Martin* argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of four violations of the Uniform Code of Military Justice, and sentenced him to a bad-conduct discharge. On review the general court-martial authority set aside the finding of guilty as to one of the offenses, but otherwise approved the conviction. A board of review set aside another of the remaining findings of guilty and affirmed the sentence. We granted review to consider a number of questions raised by the record of trial.

Our first question concerns the admissibility of certain evidence. Almost every witness called by the prosecution was shown an exhibit marked for identification. Each witness identified his signature on the exhibit and testified that he recognized the document as a statement given by him to the agent investigating the case. The exhibit was then admitted in evidence. Thereupon it was again shown to the witness who was asked to read it "to refresh . . . [his] memory," and to say whether the content "is the truth." On giving an affirmative reply, the witness was requested to, and did, read the statement to the court. Among the statements thus admitted was the agent's own report. This report set out the agent's assignment to the case and his "Findings of Fact." Included in the latter were several purported oral statements by the accused in which he admitted a number of offenses which were not charged but were like those for which he was brought to trial.

Neither trial counsel nor defense counsel was a lawyer. Even for nonlawyers, the proceeding followed here is extraordinary. The Manual for Courts-Martial, United States, 1951, which governs the procedure at a court-martial, contains several explicit provisions which demonstrate the inadmissibility of pretrial statements of the witnesses. Thus the Manual starts with the general rule that hearsay is not "competent evidence." It lists illustrations of the rule, one of which is the following:

"The fact that the statement was made to an officer in the course of an official investigation does not make it admissible as an exception

634

to the hearsay rule." [Paragraph 139.]

Later the Manual points out that, to aid him in testifying, a witness can use memoranda to supply facts "once known but now forgotten, or to refresh the memory." Ibid. paragraph 146a. If a memorandum is used for the latter purpose, the witness himself must testify to the facts "without the memorandum . . . being admitted in evidence." Ibid. paragraph 146a. United States v Bergen, 6 USCMA 601, 20 CMR 317. This rule was violated in every instance in this case.

The Manual specifically provides that hearsay which is not within one of the recognized exceptions to the rule of exclusion "does not become competent evidence because received by the court without objection." Ibid. paragraph 139; United States v Manuel, 3 USCMA 739, 14 CMR 157. The Government itself concedes that "if the statements were inadmissible the appellant's contentions will prevail." The concession is supported by the facts. The parade of extrajudicial statements provides a substantial amount of the independent evidence required to establish the probable commission of the offenses charged. See United States v Villasenor, 6 USCMA 3, 19 CMR 129; cf. United States v Kellum, 1 USCMA 482, 4 CMR 74. Hence, the prejudice to the accused resulting from their improper admission is readily apparent.

In view of our conclusion as to the first error noted, we need not consider the others. Accordingly, the decision of the board of review is reversed. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Judges LATIMER and FERGUSON concur.