UNITED STATES, Appellee

v

ERNEST E. BAILEY, Airman Second Class,
U. S. Air Force, Appellant

10 USCMA 95, 27 CMR 169

No. 11,691

Decided December 24, 1958

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Sam F. Carter, Lieutenant Colonel Robert O. Rollman,* and *Major George M. Wilson.*

*Major Fred C. Vowell* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Robert W. Michels,* and *Lieutenant Colonel John F. Hannigan.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial convicted the accused of two violations of the Uniform Code of Military Justice. Considering three previous convictions, the court-martial adjudged a sentence which includes a bad-conduct discharge and confinement at hard labor for six months. On this appeal the accused challenges the sufficiency of the evidence to support the findings of guilty of one of the two charges.

The specification of Charge II alleges that on October 28, 1957, the accused was drunk in station. The accused contends the evidence shows he was involuntarily brought on the base while he was in an intoxicated condition. Since his presence on the base was against his will, he contends he cannot be convicted of being drunk in station. Thomas v State, 33 Ga App 134, 125 SE 778; Martin v State, 31 Ala App 334, 17 So2d 427; cf. United States v Burke, 5 USCMA 56, 17 CMR 56. On the other hand, the Government maintains the gravamen of the offense is drunkenness. It argues that even if

the accused was forcibly brought on the base while drunk, he was not prejudiced because the punishment for that offense is less than the punishment for being drunk off the base. Table of Maximum Punishments, Manual for Courts-Martial, United States, 1951, paragraph 127 c, section A, page 225; United States v McCreary, 1 CMR 675. Whatever other deficiencies exist in the Government's argument, it is in any event inappropriate here because the record of trial does not contain evidence of "discrediting circumstances," as required by Article 134 of the Uniform Code. See United States v Lowe, 4 USCMA 654, 658, 16 CMR 228. Consequently, if the accused was brought on the base against his will, he should not be convicted of the offense charged, regardless of what other offense the Government might have been able to prove. See United States v Burke, supra; United States v Grover, 10 USCMA 91, 27 CMR 165. The question then is whether there is competent evidence to show the accused was brought on the base involuntarily. We think there is.

Sergeant Bucy testified for the prosecution. He said the accused lived off the base. The accused was supposed to report for duty at 7:45 a.m. on October 28, but did not appear. Sergeant Bucy "called and tried to get hold" of the accused "to get him in," but he did not succeed. Later that morning, a person who said she was the accused's wife telephoned the sergeant and told him she had "Ernest down at the gate, and he won't get out of the car." Bucy telephoned the Air Police. He informed them the accused was "AWOL"; that he was "at the Bull Street Gate"; and that they should have the Base Patrol "pick . . . [the accused] up and bring him in" to the Orderly Room. Thereafter, two air policemen brought the accused to the squadron area in a "paddy wagon." The accused's eyes were "all dilated"; he staggered around and "couldn't walk a straight line"; and his speech "was just run together." The witness had seen "a lot of drunk men" and in his opinion the accused was drunk.

The only reasonable inference which can be drawn from Sergeant Bucy's testimony is that the accused was apprehended by the air policemen in response to Sergeant Bucy's request; the apprehension was at the place he told them the accused would be found, namely, the Bull Street Gate; and the accused was then brought by the Air Police to the Orderly Room. The prosecution produced no evidence to overcome the inference. It did not, therefore, establish the accused's guilt beyond a reasonable doubt.

Accordingly, the decision of the board of review as to Charge II is set aside and the Charge is dismissed. The record of trial is returned to The Judge Advocate General of the Air Force for submission to the board of review for reconsideration of the sentence on the basis of the remaining findings of guilty.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

Sergeant Bucy's testimony, together with that of another Government witness, establishes that the accused was drunk on station. This Court, however, finds in Bucy's testimony "competent evidence to show the accused was brought on the base involuntarily." I cannot agree.

Paragraph 139 of the Manual for Courts-Martial, United States, 1951, provides that hearsay testimony does not become competent evidence because it is received without objection. That same doctrine has been approved by us in United States v Mounts, 1 USCMA 114, 2 CMR 20; United States v Manuel, 3 USCMA 739, 14 CMR 157; and United States v Carrier, 7 USCMA 633, 23 CMR 97. Unless we intend to overrule those authorities, this record is totally devoid of any competent evidence to support the inference which the Court draws to bolster its conclusion. Patently, Bucy's testimony as to the matters allegedly related by accused's wife on the telephone is the rankest sort of hearsay, and is not sufficient to raise any issue. Nor are the sergeant's instructions to the Air Police in any way probative as to where the accused was in fact apprehended. The accused was

ambulatory, his car was operational, the instructions were to be passed on to a motorized patrol, and it is an everyday occurrence for policemen to locate a suspect some distance from the place they have been told he can be found. Moreover, even if I were to accept as evidence the testimony quoted by my associates, all that would establish is that accused was at the gate. Of course, one can be inside the post or outside, and still be "at" the gate, and there is no contention that accused's wife brought him there over his protest.

Accordingly, I find no competent evidence of record to support the conclusion of my brothers. To the contrary, I point out that Sergeant Bucy, when asked whether he knew personally how accused came to the base, testified he did not and stated that the first time he saw accused on the day in question was at the Orderly Room.

I would affirm the decision of the board of review.