UNITED STATES, Appellee

v

HOWARD L. PATTERSON, Airman Second Class,
U. S. Air Force, Appellant

14 USCMA 441, 34 CMR 221

No. 17,195

March 20, 1964

Major Hugh J. Dolan argued the cause for Appellant, Accused. With
him on the brief were Colonel Daniel E. Henderson, Jr., and Major William
A. Crawford, Jr.

Major James Taylor, Jr., argued the cause for Appellee, United States.
With him on the brief was Colonel Emanuel Lewis.

QUINN, Chief Judge:

The question presented on this appeal is whether the board of review prejudiced the accused in modifying the findings of guilty of three of the several offenses of which he was convicted by a special court-martial.

Specification 1, Charge II, alleged the accused committed an assault with a dangerous weapon—a knife—upon another airman. The charge was laid under Article 128, Uniform Code of Military Justice, 10 USC § 928, and the accused was convicted as charged. Exercising its power to make new findings of fact, the board of review held the evidence did not establish that the accused used the knife in a manner likely to produce grievous bodily harm. It reduced the court-martial's finding of guilty of assault with a dangerous weapon to the lesser offense of simple assault. At trial, the court-martial had not been instructed that simple assault was in issue, and could be considered as an alternative offense to that charged.

Specification 2, Charge II, alleged the accused intentionally inflicted grievous bodily harm upon another airman in an assault with a knife. No instruction was given on any lesser offense; and the court-martial found the accused guilty, as charged. The board of review concluded the accused's testimony about this encounter could be "viewed" as the denial of any intention to inflict harm. It held that the failure of the president to instruct on the lesser offense of assault with a dangerous weapon was error. To "cure the prejudice resulting from" the error, it affirmed findings of guilty of only the lesser included offense of assault with a dangerous weapon.

Charge III and its specification alleged the accused was drunk and disorderly in station, in violation of Article 134 of the Uniform Code, 10 USC § 934. The evidence showed the accused was involved in an automobile accident in Indianapolis, Indiana. Apparently against his will, he was placed in an ambulance and taken to an Army hospital. While being administered treatment at the hospital, he was abusive and belligerent to hospital and other military personnel; and he used foul and profane language. Before the board of review, the accused's counsel contended that since the accused had been involuntarily brought to the hospital while in a state of intoxication he could not properly be convicted of the offense charged. See United States v Bailey, 10 USCMA 95, 27 CMR 169. The board of review sustained the assignment of error so far as it related to drunkenness, and affirmed only that part of the court-martial's findings which held the accused was disorderly in station.

In substance, the accused challenges the correctness of the disposition by the board of review of the errors affecting the findings of guilty. He contends that instead of affirming lesser offenses, it should have directed a rehearing or dismissed the charges. There is, he maintains, "no more reason or authority for permitting reviewing authorities to convict accused on lesser included offenses not before the trial forum than there is for permitting the trial court to return findings without instructions." The argument makes no distinction between appellate modification of findings of guilty because the evidence of record does not support one or more of the elements of the offense found by the court-martial, and appellate modification of the findings of guilty to cure a deficiency in the instructions.

Affirmance of a lesser included offense by a reviewing authority is specifically sanctioned by the Uniform Code of Military Justice. Article 59(b), 10 USC § 859, provides as follows:

"Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense."

Congressional hearings on the Uniform Code indicate the draftsmen in-

442

tended Article 59(b) to apply directly to a situation in which, ▮▮▮ ▮ on review, the evidence is found to be insufficient, either in law or on the basis of new findings of fact, to support an element of the offense found, but deemed to support all the elements of a lesser included offense. The following excerpts from the hearings bear on the point:

"Mr. PHILBIN. . . . How about subsection (b), what is your reasoning on that?

"Mr. LARKIN. Well, that is to give the reviewing authorities latitude in the review of a case where a man has been charged with let us say murder and he has been found guilty of it but the reviewing authority finds that one element of the crime of murder has not been proved but without that element a lesser included offense has been proved.

"And while we do not in our punitive articles have degrees of crime in the sense of grand larceny in the first or second degree as you find in civil courts, the idea is analogous. For instance, in a grand larceny in the first degree charge, assuming you had one where one of the elements was that property exceeding $500 in value was taken and the man is convicted of it and the reviewing authority feels they made an error in the value and it was only $250 and they would be perfectly satisfied he was guilty of grand larceny in the second degree and not in the first, they could reduce the finding to a lesser included offense, just as the court can itself when it tries the case and finds the man guilty of a lesser included offense than the one he is charged with.

"This extends that authority to the reviewing authorities, because several of them have a review of the facts as we will see.

. . . . .

"Mr. PHILBIN. . . . you could charge a man with murder and wind up convicting him of simple assault.

"Mr. SMART. That is right.

"Mr. LARKIN. Only if it is an included offense. But that is a standard practice in every jurisdiction.

"Mr. PHILBIN. I mean is it an included offense?

"Mr. LARKIN. Assault.

"Mr PHILBIN. I mean, would it have to be an included offense under this section? Take for example a case of where you find a man guilty of murder on charges of murder and only on charges of murder.

"Mr. RIVERS. It couldn't be simple assault.

"Mr. PHILBIN. Could the reviewing authority then find the man not guilty of murder but guilty of simple assault?

"Mr. LARKIN. I think he might. But he couldn't find him guilty of larceny or he couldn't find him guilty of robbery.

"Mr. PHILBIN. I understand that.

"Mr. LARKIN. Assault is a lesser included offense of murder.

"Mr. PHILBIN. I mean it would work the same way with larceny. He might be charged with grand larceny and found guilty of course and the reviewing authority might find him guilty of some petty larceny.

"Mr. LARKIN. That is right.

"Mr. PHILBIN. That is your interpretation of an included offense.

"Mr. LARKIN. That is right.

"Mr. ELSTON. Well, this section states the law exactly as it is in the civil courts.

"Mr. LARKIN. That is right, Mr. Elston.

"Mr. deGRAFFENRIED. Mr. Larkin, as I see it, the only difference here is if they find him guilty of a lesser offense instead of sending it back for a new trial and having the whole thing to go over again they just save that time and expense and everything else by reducing it to the lesser offense and fixing the penalty.

**443**

"Mr. LARKIN. That is right.

"Mr. BROOKS. This is not changed from what the present statute is, is it?

"Mr. LARKIN. That is right, nor is it changed from the civil practice.

"Mr. BROOKS. Yes. Is there any objection to it? If not, it stands adopted." [Hearings before House Armed Services Committee on H. R. 2498, 81st Congress, 1st Session, pages 1174–1176.]

Appellate affirmance of a lesser offense included within the offense found is supported by substantive law, established rules of procedure, and reason. All the evidence and the legal framework for consideration of the offense charged are fully delineated in the trial forum in the presence of the accused and his counsel. Necessarily, all the elements of offenses lesser included within that charged are "found by the trial court" when it convicts the accused of the greater offense. United States v Shull, 1 USCMA 177, 183, 2 CMR 83. If on review, it is determined that the evidence does not, in fact, establish one of the elements of the offense charged, the determination leaves undisturbed the trial forum's findings of guilty of the other elements which constitute the lesser offense. Accordingly, this Court has consistently sustained appellate affirmance of an offense included within that found by the court-martial when, on review, it is determined that the evidence of record is insufficient to support one of the elements of the offense of which the accused was convicted, but sufficient to support the lesser offense. United States v Woolbright, 12 USCMA 450, 31 CMR 36; see also United States v Stanaway, 12 USCMA 552, 31 CMR 138. Under Article 59(b) of the Uniform Code, supra, the board of review's action on the findings of guilty of specification 1, Charge II, and its modification of the findings as to the specification of Charge III were correct.

A different kind of problem is presented by the board of review's action on specification 2, Charge II. Here we are not concerned with the sufficiency of the evidence to support the findings of fact made by the court-martial, but with a definite error in trial procedure. A court-martial must be ▆▆▆▆ instructed not only on the elements of the offense charged, but also on the elements of every lesser offense included therein which is reasonably placed in issue by the evidence. Article 51(c), Uniform Code of Military Justice, 10 USC § 851; United States v Clark, 1 USCMA 201, 2 CMR 107. The failure to instruct on a lesser offense reasonably in issue is error. United States v Kuefler, 14 USCMA 136, 33 CMR 348; United States v Strong, 1 USCMA 627, 5 CMR 55. The problem that faces the reviewing authority in this situation is to determine the effect of the error. Can all possibility of prejudice to the accused resulting from the error be eliminated, without invalidating all the court-martial's findings of guilty? In other words, can part of the findings of guilty manifestly not affected by the instructional error be affirmed? The accused contends that the only fair procedure is to reverse all the findings of guilty. So far as his argument advances the formula that error equals reversal, this Court has consistently rejected it.

Generally, an error at the trial level which presents no fair risk of prejudice to the accused does not ▆▆▆▆ justify reversal of his con- ▆▆▆▆ viction. Article 59(a), Uniform Code of Military Justice, 10 USC § 859; United States v Oliver, 14 USCMA 192, 33 CMR 404. The general rule is applicable to errors in regard to the instructions. See United States v Crawford, 6 USCMA 517, 20 CMR 233. It follows that reversal of every finding of the court-martial is not required if the trial error affects only one of the findings. Disapproval of the finding affected by the error eliminates all harm to the accused resulting from the error. If the evidence supports the remaining findings, and those findings amount to an offense included within that found by the court-martial, that offense can be affirmed. In United States v Cline, 2

444

USCMA 411, 413, 9 CMR 41, the accused was charged with desertion, in violation of Article 85 of the Uniform Code, 10 USC § 885. We set aside the conviction on the ground the law officer failed to instruct adequately on the lesser included offense of absence without leave, in violation of Article 86 of the Code, 10 USC § 886, which had been placed in issue by the evidence. But, we held it was "unnecessary to order a rehearing since there . . . [was] indisputable and substantial evidence that the accused" was guilty of the included offense. During our last term, we considered the *Kuefler* case, supra. There, the evidence indicated that an instruction on a lesser included offense should have been given. The accused's sworn testimony, however, amounted to a confession of the commission of a lesser offense included within that charged. Referring to the effect of the accused's testimony on the instructional error, we said: "In light of the accused's judicial confession to the lesser included offense of unlawful entry, the board of review may affirm findings of guilty of that offense . . . [or] it may order a rehearing." *Id.*, at page 139. In United States v Miller, 13 USCMA 66, 32 CMR 66, the accused was charged with assault upon a superior noncommissioned officer. The evidence reasonably placed in issue the lesser included offense of simple assault. There was no instruction on the lesser offense. We set aside the findings of guilty by the court-martial, but returned the record of trial to the board of review to consider, in its discretion, whether to affirm the lesser offense and reassess the sentence, or to direct a rehearing of the principal offense. In United States v Baguex, 2 USCMA 306, 310, 8 CMR 106, Judge Brosman succinctly stated the general rule as follows:

". . . We do not doubt that the error presented by a failure to instruct as to lesser included offenses may be expunged by an appellate body's affirmance of the lowest of the lesser offenses fairly raised by the evidence, since the accused would thereby have the benefit of the most he could expect from proper instructions. Whether we thus affirm in a particular case clearly rests within our sound discretion—for Article 59(b) of the Code, 50 USC § 646, is phrased in permissive terms only. At this point it would not be amiss for us to state parenthetically that—in view of our want of fact-finding power—we will doubtless exercise sparingly our power in this particular, reserving it for cases presenting a clear and clean-cut difference between the offense of which the accused was found guilty and another as to which it may be said as a matter of law that the evidence indicates guilt. The present case is of this sort, because, on rehearing, accused could be convicted only of unpremeditated murder or voluntary manslaughter.

"Accordingly, the decision of the board of review here is affirmed in so far as it extends to guilt of voluntary manslaughter. . . ."

On the basis of this unbroken chain of precedent, the board of review correctly purged the error affecting the findings of guilty of specification 2, Charge II, by affirming only the lesser included offense of assault with a dangerous weapon. Its action is not inconsistent with our opinion in United States v Morgan, 8 USCMA 659, 25 CMR 163. In *Morgan*, the accused was tried for murder. The law officer instructed on the elements of the offense charged and on those of the lesser offenses of involuntary manslaughter and assault and battery. He did not, however, instruct on the lesser offense of voluntary manslaughter. Yet, the court-martial convicted the accused of the uninstructed offense. On review, this Court held those findings could not stand because there was no way of "ascertaining what elements" the court-martial "considered necessary" for the offense found. The opinion points out that if the accused had "been found guilty of the greater offense," the reviewing authority could affirm a lesser included offense because he "would have certainty that the court-martial found every element" of the greater

**445**

offense. *Id.*, at page 662. *Morgan,* therefore, is within, not outside, the current of precedent which supports the board of review's action as to specification 2, Charge II.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.