UNITED STATES

v.

Sergeant James HUNT, FR 245–84–4470,
United States Air Force.

ACM 22351.

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Nov. 1977.

Decided 19 July 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

The accused was tried for the offense of sodomy in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925. The military judge found that no lesser included offenses had been raised by the evidence and instructed the court-martial only as to the charged offense. Appellate defense counsel assert that several lesser included offenses were raised by the evidence and that the military judge's failure to so instruct the court-martial was error. We agree.

The evidence related to this issue comes from three sources: the victim, the investigator and the accused. The ten year old victim testified that on the night in question she was staying with the accused and his wife. During the early part of the evening, while the accused was at work, she and the accused's wife had been at the home of a neighbor with whom the wife was having an affair. They returned home before the accused came home from work. When the accused arrived, both urged him to permit them to return to the neighbor's home, which he did. After being there for approximately one-half hour, the wife sent the victim to get the accused. He accompanied her to the neighbor's home, where all four went into the bedroom and laid down on the bed. The wife took her clothes off and instructed the victim to do the same. The two men did not take their clothes off, but the accused's wife unzipped their pants and had intercourse with each of them in turn. While having intercourse with the lover, the wife urged the victim to fellate the accused. The young girl testified that "I wouldn't do it, and then Sergeant Hunt took my head and tried to force my head down to his penis." . . . "It went in my mouth a little bit . . . It didn't go

past my teeth at all." Later the neighbor tried to put his finger into her vagina, but stopped after a short time and she returned home with the accused and his wife.

The investigator stated that after properly advising the accused of his rights, he questioned him concerning the activities of the evening. The accused answered questions about incidents involving the child for an hour and a half. He then completed and signed the sworn statement which was received into evidence. In regard to the offense in question it states, "[the child] and I watched while the [neighbor] and [my wife] had sexual intercourse and [the child] also attempted fellatio on me." The investigator testified that during the questioning, the accused stated to him that the young girl's mouth "touched his penis." On further questioning by counsel he stated that the accused told him the head of his penis was inside the girl's lips. The record is not clear as to why these words were not used in the written statement rather than the words "attempted fellatio." The investigator admitted that he assisted the accused in preparing the statement and in fact explained the term "fellatio" to the accused on three separate occasions. He stated that after much discussion with the accused they agreed that the term "attempted fellatio" best described the acts that the accused had described to him.

The remaining evidence comes from the accused. At trial he testified that after returning from work he drank a large quantity of orange flavored vodka and as a result, he did not remember much about the evening after his wife and the child returned to the neighbor's home. He does remember being on the neighbor's bed, but states that his wife told him what had happened that evening and he had believed her, and he had only relayed what she had told him to the investigator. In response to the question as to exactly what he told the investigator in regards to this incident, the accused stated, "I told Agent Foreman that my wife and [the neighbor] made love on the bed and that she told me that me and [the child] both watched while she was

making love, and that [the child] tried to grab me [between the legs] and I pushed her away."

A military judge has the duty to *sua sponte* instruct the members of a court-martial on the elements of all lesser included offenses included in the offense charged if there is evidence introduced from which the fact finders could reasonably infer the accused's guilt of the lesser crime. *United States v. Moore*, 12 U.S.C.M.A. 696, 31 C.M.R. 282 (1962); *United States v. Clark*, 1 U.S.C.M.A. 201, 2 C.M.R. 107 (1952). Even though the military judge determines that lesser included offenses were not raised by the evidence, this Court has an independent responsibility to evaluate the evidence to determine whether or not an accused was deprived of his right to have the court-martial consider all reasonable alternatives of guilt. *United States v. McGee*, 1 M.J. 193 (C.M.A.1975); *United States v. Clark*, 22 U.S.C.M.A. 576, 48 C.M.R. 83 (1973); *United States v. Bellamy*, 15 U.S.C.M.A. 617, 36 C.M.R. 115 (1966).

The test to determine whether an offense is reasonably raised is whether the record contains some evidence to which the court-martial may attach credit if it desires. It matters not that the accused is the sole source of his contention. *United States v. Evans*, 17 U.S.C.M.A. 238, 38 C.M.R. 36 (1967); *United States v. Kuefler*, 14 U.S.C.M.A. 136, 33 C.M.R. 348 (1963); *United States v. Jones*, 13 U.S.C.M.A. 635, 33 C.M.R. 167 (1963); *United States v. Remele*, 13 U.S.C.M.A. 617, 33 C.M.R. 149 (1963).

The evidence that causes the most concern is what is meant by the term "attempted fellatio" as was suggested by the investigator. The term implies that there was an attempt made to place the penis in the victim's mouth, not that the act of fellatio was completed by a penetration of the lips. From the testimony of the victim that the accused tried to push her head "down to his penis" and the written confes-

sion, the fact finders could have reasonably inferred guilt of the lesser included offenses of attempted sodomy or assault with intent to commit sodomy. It would also be reasonable from the evidence for the fact finders to entirely discount the child's allegations of oral sexual contact, and find the accused guilty of indecent acts with a child under the age of 16 * as the confession admits undressing and sitting with the child on the bed and watching the neighbor and his wife have sexual intercourse. In his testimony, the accused admitted being in the neighbor's bed, but claims that he does not remember what occurred due to being intoxicated. The fact finders could also have reasonably found that the accused was intoxicated to the point of being unable to form a specific intent as required for this lesser included offense and as a result fairly find from the evidence that he was only guilty of wrongfully committing indecent, lewd acts with another.

Clearly, there was evidence in the record which would allow the court to reasonably conclude that the accused was guilty of any of the lesser included offenses discussed above. Therefore, it was error prejudicial to the accused to fail to instruct the court on the elements of each offense.

However, the failure to instruct as to lesser included offenses may be expunged by this Court's affirmance of the lowest of the lesser offenses fairly raised by the evidence since the accused would thereby have the benefit of the most he could expect from proper instructions. *United States v. Peterson*, 14 U.S.C.M.A. 441, 34 C.M.R. 221 (1964); *United States v. Judkins*, 14 U.S.C.M.A. 452, 34 C.M.R. 232 (1964); *United States v. Baguex*, 2 U.S.C.M.A. 306, 8 C.M.R. 106 (1953). We find that the evidence of record is sufficient to find the accused guilty of indecent and lewd acts with another, the lowest of the lesser offenses fairly raised.

We find the remaining errors assigned either lacking in merit or discussed by the

---

* The accused was found not guilty of two other specifications of sodomy which were based on the testimony of the child and a girl friend.

staff judge advocate in this post trial review and properly resolved adversely to the accused.

The findings of guilty will be modified to reflect only that the accused wrongfully committed an indecent, lewd and lascivious act with another in violation of Article 134, Code, *supra*. Reassessing the sentence on the basis of this error and the entire record, we find appropriate only so much thereof as provides for confinement at hard labor for six months and reduction to the grade of airman first class.

Accordingly, the findings of guilty and the sentence, both as modified, are

AFFIRMED.

EARLY, Chief Judge, HERMAN, and ORSER, Judges, concur.