UNITED STATES, Appellee,

v.

Michael HAMPTON, Lance Corporal, U. S. Marine Corps, Appellant.

No. 36,807.

NCM 78 0659.

U. S. Court of Military Appeals.

Aug. 27, 1979.

Appearances: For Appellant: *Captain G. M. Potter*, USMC (argued); *Lieutenant Steven A. Curlee*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Christine M. Yuhas*, JAGC, USN (argued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

Pursuant to his pleas, appellant was found guilty of rape, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920, by a military judge at a general court-martial. Members sentenced him to a bad-conduct discharge, confinement at hard labor for 30 months, forfeitures for a like period and reduction to the lowest enlisted pay grade. The convening authority approved the findings of guilty and sentence, except for the confinement and for-

feitures in excess of 24 months.[1] The United States Navy Court of Military Review affirmed these findings and this sentence.

At his court-martial the appellant challenged its jurisdiction over his person. *See* Article 2, UCMJ, 10 U.S.C. § 802. He alleged that his recruiter engaged in certain misconduct during his recruitment so as to obviate his enlistment contract as a jurisdictional basis for court-martial. *See United States v. Little*, 1 M.J. 476 (C.M.A.1976); *United States v. Russo*, 1 M.J. 134 (C.M.A. 1975). It was asserted that this recruiter provided questions and answers to the appellant which later appeared as part of the "AFEES" mental aptitude examination and advised him to conceal his prior drug use and a medical problem.[2] The defense joined the Government in a stipulation as to the testimony of this recruiter which particularly denied such allegations. However, the defense requested the production of 3 witnesses who would testify in contradiction of the asserted general recruiting practices[3] of this recruiter around the time of the appellant's enlistment. The defense also requested a continuance to obtain additional witnesses[4] enlisted by the recruiter around this time period. The military judge denied these motions on the ground that the requested witnesses would not be dispositive on the jurisdictional motion.

We granted review on the following issues:

## I

WHETHER THE MILITARY JUDGE ERRED TO THE PREJUDICE OF THE APPELLANT WHEN HE DENIED THE THREE REQUESTED WITNESSES?

1. Pursuant to a pretrial agreement, such punishments were disapproved.

2. This alleged medical problem was conceded to be generally non-disqualifying and no witnesses were requested with respect to this allegation.

3. Their testimony would deal only with additional assertions of this recruiter's misconduct in the preparation of other recruits for intelligence examinations.

## II

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THE DEFENSE'S REQUEST FOR A CONTINUANCE?

█ The appellant seeks reversal of his conviction at this stage of the appellate process on the grounds that he was denied material witnesses in his favor on his jurisdictional motion. *See* Article 46, UCMJ, 10 U.S.C. § 846; *see also* U.S.Const. amend. VI. Such a request is based on the principle of military law that if a witness is found to be material, he or she must be produced or the proceedings abated. *See United States v. Carpenter*, 1 M.J. 384 (C.M.A. 1976); *see also Washington v. Texas*, 388 U.S. 14, 23, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Some confusion exists in military law as to the difference between testimony which is relevant and that which is also material. *Compare* para. 137, Manual for Courts-Martial, United States, 1969 (Revised edition) *with* Westen, *Compulsory Process II*, 74 Mich.L.Rev. 191, 205–231 (1975). In any event materiality, to justify reversal in the sense of our decisions, must embrace the "reasonable likelihood" that the evidence could have affected the judgment of the military judge or court members. *See Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *United States v. Lucas*, 5 M.J. 167, 172–73 (C.M.A.1978). *See also* Westen, *supra* at 222.

█ In order for a jurisdictional motion to be granted under the *Russo* rationale, there must be, among other things, a determination[5] by the military judge that the enlistee was ineligible for enlistment

4. These additional witnesses were to be contacted and interviewed concerning the recruiter's general practice on entrance examinations and prior drug use admissions.

5. The burden of proof on this issue is upon the Government. *See United States v. Alef*, 3 M.J. 414, 416–17 n. 6 (C.M.A.1977). *See also* para. 44*f*(3), Manual for Courts-Martial, United States, 1969 (Revised edition).

because it was prohibited by law, regulation or order. *See* Article 84, UCMJ, 10 U.S.C. § 884; para. 163, Manual, *supra.* In the present case the Government points out correctly that the evidence of record demonstrates that the appellant was eligible for enlistment. He passed at least one screening test for military service, had minimally satisfactory grades in high school and eventually graduated. His asserted ineligibility for lack of intelligence was not patent or uncontroverted. *See United States v. Wagner,* 5 M.J. 461, 466 (C.M.A.1978); *United States v. Little, supra; United States v. Russo, supra.* The 3 witnesses requested by the defense could offer no testimony pertaining to this precise issue, and no substantial evidence was adduced by the defense to rebut the government's demonstration of his eligibility.[6] Under these circumstances the production of the 3 witnesses on the recruiter's general practice as to these examinations would not be dispositive on the jurisdictional motion as a whole. Accordingly, there was no reasonable likelihood that their testimony would have changed the ruling of the military judge and his decision must be sustained.

■ It is also asserted that the military judge abused his discretion in denying defense counsel's second request for a contin-

uance at appellant's court-martial. *See* Article 40, UCMJ, 10 U.S.C. § 840. Defense counsel sought delay of the court-martial for the express purpose of contacting and interviewing 14 recently discovered individuals who were recruited around the time of the appellant's enlistment. These witnesses hopefully, but not assuredly, would offer testimony which would rebut the recruiter's statement's concerning his general recruiting practices. In any event, the military judge denied this motion because at that time no serious question had been raised as to the appellant's particular eligibility for enlistment. Under these circumstances, additional testimony of recruiter impropriety would not pertain to this issue and would have no reasonable likelihood of changing the military judge's ruling on the motion. No further evidence rebutting the government's showing of eligibility was offered by the defense. In view of such a critical and determinative defect in the appellant's jurisdictional argument, it was not unreasonable for the military judge to deny the continuance on the basis of a lack of materiality of the requested testimony.[7]

The decision of the United States Navy Court of Military Review is affirmed.

Judges COOK and PERRY concur.

---

6. This is a determination within the province of the military judge. *See United States v. Williams,* 3 M.J. 239, 242 n. 5 (C.M.A.1977).

7. Defense counsel later renewed his motion for a continuance for the purpose of contacting and interviewing other recruits about this recruiter's general practice with respect to admissions of prior drug use. He conceded such investigations were exploratory and that he could make no legitimate averment of materiality as to their expected testimony. *See United States v. Lucas,* 5 M.J. 167 (C.M.A.1978). We find no abuse of discretion by the military judge in denying this renewed motion under the circumstances of the present case.