**UNITED STATES, Appellee,**

v.

**Private (E–1), Dorsey J. JOHNSON, SSN 500–68–8215, United States Army, Appellant.**

**SPCM 13822.**

U. S. Army Court of Military Review.

28 Sept. 1979.

---

Captain Courtney B. Wheeler, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Major Carlos A. Vallecillo, JAGC.

Captain Stephen D. Smith, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, and Captain Dennis S. Cameron, JAGC.

Before CARNE, DRIBBEN and GARN, Appellate Military Judges.

## OPINION OF THE COURT

GARN, Judge:

The appellant was convicted of larceny and disorderly conduct in violation of Articles 121 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 921 and 934. He was sentenced to a bad-conduct discharge and confinement at hard labor for two months. The convening authority approved the sentence.

Prior to entering his pleas, the appellant moved to dismiss the charges on the basis that the court-martial did not have jurisdiction over him because of "what's been called recruiter connivance, recruiter misconduct."

The appellant testified in support of his motion. He related that, after he had completed a "pretest," his recruiter told him he had "failed nearly the whole test." His recruiter then asked him if he was ready to go to an Armed Forces Examining and Entrance Station and take the "main test" (presumably the Armed Forces Qualification Test). The appellant told his recruiter he was not ready. His recruiter then told him to "jot down" about twenty or twenty-five words that he might see on the test, and to study those words. Those words did appear on the Armed Forces Qualification Test, which the appellant took about two days later, and, in the opinion of the appellant, assisted him in selecting the correct answers to several questions testing his knowledge and aptitude with respect to mechanics and math. In the opinion of the appellant, he would have failed the Armed Forces Qualification Test had he not been told by his recruiter to write down certain words, and been able to ascertain the definitions of those words he did not already know.

The appellant also testified he had completed nine years of schooling. His completed Application for Enlistment (DD Form 1966/1), admitted into evidence pursuant to his counsel's offer, reflects he had completed the tenth grade and contains, in his own handwriting, his statement that he had "completed two years at Englewood High School." That form also reflects he scored thirty-five per cent in his mental test; a score of at least thirty-one per cent is, and was at the time of the appellant's enlistment, required for a non high school graduate to be eligible for enlistment. Tables 2–1 and 2–2, AR 601–210, dated 28 July 1976. His Personnel Qualification Record, admitted in evidence after findings, reflects ten area aptitude scores, eight of which were ninety or above; two scores of ninety or above are, and were at the time of the appellant's enlistment, required for a non high school graduate to be eligible for enlistment. Table 2–2, AR 601–210, dated 28 July 1976. Although he could not recall any of the words, the appellant testified they were "big" words, most of which he could spell and at least some of which he knew without researching their definitions. In addition to having successfully completed basic and advanced individual training, the appellant testified he had no difficulty in understanding orders or his duties and responsibilities as a light vehicle driver.

For reasons not relevant to our decision, the recruiter did not testify. The military judge denied the motion to dismiss without stating any reason and without expressing any findings of fact.

The appellant's appellate counsel, consistent with the defense position at the appellant's trial, argues that the holdings of the Court of Military Appeals in the cases of

*United States v. Russo*, 1 M.J. 134 (C.M.A. 1975) and *United States v. Little*, 1 M.J. 476 (C.M.A.1976), prohibit the exercise of court-martial jurisdiction in the appellant's case. Counsel for the appellant have also called our attention to the case of *United States v. Long*, 5 M.J. 800 (N.C.M.R.1978). Appellate counsel for the Government argue that the appellant's testimony is "wholly unworthy of belief" and, even if the appellant's testimony is believed, the recruiter's assistance to the appellant was not sufficient, as it was in the cases of *Russo, Little* and *Long, supra*, to render meaningless the Armed Forces Qualification Test as a measure of the appellant's capabilities and, based on this Court's holding in the case of *United States v. Gonzalez*, 5 M.J. 770 (A.C.M.R. 1978), *pet. denied*, 6 M.J. 14 (C.M.A.1978), court-martial jurisdiction in the appellant's case therefore was not affected.

■ While we do not agree with government counsel's argument that the appellant's testimony is "wholly unworthy of belief," neither do we wholly accept his testimony, particularly some of his opinions and conclusions. For example, we accept his unrebutted, not inherently incredible, testimony to the effect that his recruiter advised him to write down twenty to twenty-five words that might appear on the Armed Forces Qualification Test, that those words were in the test, and that knowing those words were important helped the appellant score higher than he would have otherwise in the Armed Forces Qualification Test. Pretermitting the hearsay, and concomitant competency problems involved in the appellant's testimony that his recruiter told him he had "failed nearly the whole" pretest, we are not persuaded the results of that test were indicative of ineligibility for enlistment because of other evidence indicating that he was eligible. Furthermore, it seems to us unlikely that the recruiter would have asked the appellant if he was prepared to take the Armed Forces Qualification Test the same day, after a pretest indicated he would fail. Similarly, we reject the appellant's conclusion that, but for the recruiter's assistance, he would have failed the Armed Forces Qualification Test. The recruiter's

assistance may have enabled the appellant to pass two aptitude tests, but we are satisfied the appellant was sufficiently intelligent and trained to be eligible for enlistment, and was capable of sufficiently demonstrating that eligibility when he took the Armed Forces Qualification Test without any improper assistance. Our determination of the facts and the previous holding of this Court in *United States v. Gonzalez, supra*, provide an ample basis for rejecting the appellant's claim that the court-martial could not exercise jurisdiction in his case.

■ There is another, perhaps stronger, reason for rejecting the appellant's contention. Implicitly, although obscured by the focus on the recruiter's misconduct, the predicate for the holdings of the Court of Military Appeals in *Russo* and *Little, supra*, was that Court's determination that Russo and Little were, in fact, ineligible for enlistment. The importance of that implicit factual predicate was illuminated in the recent case of *United States v. Hampton*, 7 M.J. 284 (C.M.A.1979). In *Hampton*, the appellant asserted, *inter alia*, that, prior to the examination, his recruiter gave him questions and answers that were included in the mental aptitude examination. The recruiter denied doing so. The issues in *Hampton* arose out of the military judge's refusal to grant defense motions to produce, and to be allowed time to garner, evidence tending to rebut the recruiter's denial. In holding the military judge did not err, the Court of Military Appeals focused on Hampton's eligibility for enlistment rather than the asserted misconduct by his recruiter.

In order for a jurisdictional motion to be granted under the *Russo* rationale, there must be, among other things, a determination by the military judge that the enlistee was ineligible for enlistment because it was prohibited by law, regulation or order. *See* Article 84, UCMJ, 10 U.S.C. § 884; para. 163, Manual, *supra*. In the present case the Government points out correctly that the evidence of record demonstrates that the appellant was eligible for enlistment. He passed at

least one screening test for military service, had minimally satisfactory grades in high school and eventually graduated. His asserted ineligibility for lack of intelligence was not patent or uncontroverted. *See United States v. Wagner,* 5 M.J. 461, 466 (C.M.A.1978); *United States v. Little* [1 M.J. 476 (C.M.A.1976)], *United States v. Russo* [1 M.J. 135 (C.M.A.1975)]. (Footnote omitted.)

*United States v. Hampton, supra* at 285–86.

Having concluded that the appellant in this case was eligible for enlistment, the asserted misconduct by his recruiter is not relevant to the issue of jurisdiction.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE and Judge DRIBBEN concur.