**UNITED STATES**

v.

**Airman Basic Ronald L. EARL, FR 305–68–0684 United States Air Force.**

**No. ACM 22601.**

U. S. Air Force Court of Military Review.

12 June 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Major Robert G. Gibson, Jr. and Major Marc G. Denkinger, USAFR. Captain Harold W. Hinderer, III, filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel James P. Porter.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

In his trial by general court-martial, the accused pleaded guilty to charges involving the transfer of several drugs in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934.

In his first two assignments of error, the accused asserts that he was denied discovery of certain items which were in the possession of Government authorities. The trial judge determined that the items requested, both under the Manual for Courts-Martial, 1969 (Rev.), paragraph 115c, and the Jencks Act, 18 U.S.C. § 3500, were not relevant to the issues to be decided and would not order the items made available to the accused. The accused asserts that the items requested could be used to show misconduct on the part of the Marine recruiter who originally enlisted him in the United States Marine Corps. Appellate Government counsel contend that the items requested are not relevant to the Marine recruiter's alleged misconduct, and even if relevant, such misconduct could not affect the jurisdiction of the Air Force to try the accused.

The accused testified that the Marine recruiter provided him with questions and answers to the Armed Services Vocational Aptitude Battery test which enabled him to achieve a passing score. By using the score and a fraudulent birth certificate, he enlisted in the Marine Corps. The accused's career in the Marine Corps was short lived.

Three days after his arrival at Parris Island, South Carolina, he informed authorities that he was under age, and shortly thereafter he was discharged.

Two months after the Marine enlistment and a month after reaching lawful age, he talked to his brother, an Air Force recruiter, and decided to enlist in the Air Force. The accused informed his brother of the prior enlistment and the reason for his discharge. However, he did not tell him of the alleged recruiter misconduct on the test. The Air Force recruiter followed normal procedure by requesting the previous test result and converting it to an Air Force score. The score qualified the accused for enlistment into the Air Force. He had been a member of the Air Force for almost sixteen months when he came to trial.

■ The United States Court of Military Appeals has held that when a question of recruiter misconduct in a prior enlistment is reasonably raised, the Government must affirmatively establish that the first recruiter's misconduct did not occur, *or* did not occasion the second enlistment upon which court-martial jurisdiction is based. *United States v. Torres*, 7 M.J. 102 (C.M.A. 1979). See also *United States v. Valadez*, 5 M.J. 470 (C.M.A. 1978); *United States v. Russo*, 1 M.J. 134 (C.M.A. 1975).

The enlistments in this case were separate and distinct. Not only were they in different branches of the armed services, but they were separated by two months during which the accused was a civilian. Contrast this with the majority of second enlistment cases where the first enlistment was in the Reserve and was little more than a "holding pattern" for the recruit until he entered the same service for active duty. *United States v. Torres, supra; United States v. Long*, 5 M.J. 800 (N.C.M.R. 1978). In this case we find the Marine recruiter had no intent to "pave the way" for the accused's second enlistment, nor did this recruiter have any part in the subsequent enlistment. The fraudulent representation made to the Air Force recruiter was made only by the accused and was not joined in or encouraged by the Marine recruiter. Therefore, we find that the alleged Marine recruiter misconduct, although it might have facilitated the Air Force enlistment, did not occasion or cause it. *United States v. Torres, supra; United States v. Ivery*, 5 M.J. 508 (A.C.M.R. 1978).

Accordingly, we find that even if the items sought by the accused were relevant to the issue of the Marine recruiter's misconduct, failure of the military judge to require they be provided is of no consequence as this issue does not affect the jurisdiction of the Air Force to try the accused.

■ In his final assignment of error the accused alleges prejudice as a result of the military judge's denial of a witness to testify during the sentencing portion of the trial. The witness was prepared as an expert to discuss why a rehabilitation program of some sort should be attempted for the accused rather than a prison sentence and the rehabilitation facilities which would be offered to him in his home state. We find such testimony would have been immaterial, and that the military judge did not abuse his discretion in not requiring the witness be provided the accused.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

HERMAN, Senior Judge, and MILES, Judge, concur.